MICHAEL FAILLACE ESQ.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ALEXIS DOMINGUEZ MOLINA and SERGIO
TUPAC ESPANA, individually *and on behalf of*
*others similarly situated,*

                        *Plaintiffs,*

                -against-

411 REST. CORP. (D/B/A BELLA UNION),
RYAN BIRKENHEAD, and DEREK KIERANS

                   *Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**
**AND RULE 23 CLASS**
**ACTION**

**ECF Case**

       Plaintiffs Alexis Dominguez Molina and Sergio Tupac Espana  ("Plaintiffs" ), individually

and on behalf of others similarly situated, by and through their attorneys, Michael Faillace Esq.,

upon information and belief, and as against Defendants 411 rest. Corp. (d/b/a Bella Union)

("Defendant Corporation"), Ryan Birkenhead, and Derek Kierans (collectively, "Defendants"),

alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.     Plaintiffs are  former employees of Defendants 411 rest. Corp. (d/b/a Bella

Union), Ryan Birkenhead, and Derek Kierans.

2.      Bella Union is a bar/restaurant owned by Ryan Birkenhead and Derek Kierans located at 411 Third Avenue, New York, NY 10016.

3.      Upon information and belief, Defendants Ryan Birkenhead and Derek Kierans serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through their corporate entity operate or operated the bar/restaurant as a joint of unified enterprise.

4.      Plaintiffs are former employees of Defendants.

5.      Plaintiffs were ostensibly employed as  busboys, food runners and barbacks throughout their employment. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to bringing up ice from the basement to the first floor and placing it in the bar, preparing cocktails in the basement and bringing them up to the bar, putting chlorine under three bartending station, cleaning the food runners station, refilling all the sides (mayonnaise, ketchup etc.), cutting lemons , limes and oranges, preparing expresso martini, green tea and sexy beach, opening the rooftop, refilling high class liquor bottles with low class liquor, cleaning the refrigerator   and preparing cranberry and regular ice cubes (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Defendants employed and accounted for Plaintiffs as busboys, food runners and barbacks in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.    However, under *both the FLSA and NYLL*, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

10.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as busboys, food runners and barbacks instead of as non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the tip-credit rate (which they still failed to do).

11.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

13.    Plaintiffs now bring this action on behalf of themselves , and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

3

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

14.    Plaintiffs now bring this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of themselves , individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

17.    Alexis Dominguez Molina ("Plaintiff Dominguez" or Mr. Dominguez") is an adult individual residing in Queens County, New York. Plaintiff Dominguez was employed by Defendants from approximately May 2023 until on or about January 27,  2025.

18.     Sergio Tupac Espana ("Plaintiff Espana" or Mr. Espana") is an adult individual residing in Queens County, New York. Plaintiff Espana was employed by Defendants from approximately March 2022 until on or about February 1, 2025.

19.     Plaintiffs consent to being party Plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     At all times relevant to this Complaint, Defendants own, operate, and/or control a bar/restaurant located at 411 Third Avenue, New York, NY 10016 under the name "Bella Union."

21.     Upon information and belief, Bella Union Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 411 Third Avenue, New York, NY 10016.`

22.     Defendant Ryan Birkenhead is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ryan Birkenhead is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Ryan Birkenhead possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employees' records and had the authority to hire and fire employees.

23.     Defendant Derek Kierans is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Derek Kierans is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

24.     Defendant Derek Kierans possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation. He  determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employees' records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

25.     Defendants operate a bar/restaurant located in the Midtown East section of Manhattan in New York City.

26.      Individual Defendants Ryan Birkenhead and Derek Kierans possess operational control over defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants Ryan Birkenhead and Derek Kierans operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

33.    Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.    In each year from 2023 to 2025, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the bar/restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are former employees of Defendants ostensibly employed as  busboys, food runners and barbacks. However, they spent over 20% of each shift performing the non-tipped duties described above.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alexis Dominguez Molina*

41.    Plaintiff Dominguez was employed by Defendants from approximately May 2023 until on or about January 27, 2025.

8

42. Defendants ostensibly employed Plaintiff Dominguez as a busboy, food runner and barback.

43. However, Plaintiff Dominguez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44. Although Plaintiff Dominguez ostensibly was employed as a busboy, food runner and barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45. Plaintiff Dominguez regularly handled goods in interstate commerce, such as vodka and orange juice produced outside of the State of New York.

46. Plaintiff Dominguez's work duties required neither discretion nor independent judgment.

47. Plaintiff Dominguez regularly worked in excess of 40 hours per week.

48. From approximately May 2023 until on or about January 27, 2025, Plaintiff Dominguez worked from approximately 10:00 a.m. until on or about 5:00 p.m. Mondays, Wednesdays, Fridays and Saturdays and from approximately 5:00 p.m. until on or about 2:00 a.m. on Tuesdays; furthermore, during the summer months, Defendants required Plaintiff Dominguez to work additional hours each day (typically 37 to 44 hours per week).

49. Throughout his employment, Defendants paid Plaintiff Dominguez his wages by check.

50. From approximately May 2023 until on or about December 2024, Defendants paid Plaintiff Dominguez $10.50 per hour.

51.     From approximately January 1, 2025 until on or about January 27, 2025, Defendants paid Plaintiff Dominguez $11.65 per hour.

52.     Defendants never granted Plaintiff Dominguez any breaks or meal period of any kind.

53.     Plaintiff Dominguez was never notified by Defendants that his tips would be included as an offset for wages.

54.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Dominguez's wages.

55.     Defendants withheld a portion of Plaintiff Dominguez's tips; specifically, Defendants pocketed a portion of all tips Plaintiff Dominguez earned when he worked as a busboy or food runner at parties.

56.     Although Plaintiff Dominguez was required to keep track of his time, the time tracking system only permitted him to enter hours, thus robbing Plaintiff Dominguez of the minutes he worked before his start time and after his stop time.

57.     Defendants did not provide Plaintiff Dominguez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Defendants never provided Plaintiff Dominguez with a written notice, in English and in Spanish (Plaintiff Dominguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Dominguez to purchase "tools of the trade" with his own funds—including 6 sweat shirts with the business logo.

*Plaintiff Sergio Tupac Espana*

41.     Plaintiff Espana was employed by Defendants from approximately March 2022 until on or about February 1, 2025.

42.     Defendants ostensibly employed Plaintiff Espana as a busboy, food runner and barback.

43.     However, Plaintiff Espana was also required to spend a significant portion of his work day performing the non-tipped duties described above.

44.     Although Plaintiff Espana ostensibly was employed as a busboy, food runner and barback, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Espana regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

46.      Plaintiff Espana's work duties required neither discretion nor independent judgment.

47.     Plaintiff Espana regularly worked in excess of 40 hours per week.

48.     From approximately March 2022 until on or about February 1,  2025, Plaintiff Espana worked from approximately 5:00 p.m. until on or about 1:00 a.m. on Mondays, from approximately 3:00 p.m. until on or about 10:00 p.m. on Tuesdays,  from approximately 11:00 a.m. until on or about 6:00 p.m. on Fridays and Sundays and from approximately 10:00 p.m. until on or about 6:00 p.m. on Saturdays (typically 37 hours per week).

49.     Throughout his employment, Defendants paid Plaintiff Espana his wages by check.

50.     From approximately March 2022 until on or about October 2024, Defendants paid Plaintiff Espana $10.50 per hour.

51.     From approximately October 2024 until on or about February 1, 2025, Defendants paid Plaintiff Espana $11.00 per hour.

52.     Defendants never granted Plaintiff Espana any breaks or meal period of any kind.

53.     Plaintiff Espana was never notified by Defendants that his tips would be included as an offset for wages.

54.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Espana's wages.

55.     Defendants withheld a portion of Plaintiff Espana's tips; specifically, Defendants pocketed a portion of all tips Plaintiff Espana earned when he worked as a busboy or food runner at parties.

Although Plaintiff Espana was required to keep track of his time, the time tracking system only permitted him to enter hours, thus robbing Plaintiff Espana of the minutes he worked before his start time and after his stop time.

56.     Defendants did not provide Plaintiff Espana with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     Defendants never provided Plaintiff Espana with a written notice, in English and in Spanish (Plaintiff Espana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Espana to purchase "tools of the trade" with his own funds—including 15 black dress pants and 5 pairs of black dress shoes per year.

12

*Defendants' General Employment Practices*

59.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, and overtime compensation.

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

61.     Defendants required Plaintiffs and all other busboys, food runners and barbacks to perform general non-tipped tasks in addition to their primary duties as busboys, food runners and  barbacks.

62.      Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

63.     Plaintiffs' duties were not incidental to their occupation as  tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

65.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly,

under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee's time if that time is devoted to a non-tipped occupation.

66.    In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

67.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

68.    Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

69.    Defendants failed to maintain a record of tips earned by Plaintiffs who worked as busboys, food runners and barbacks  for the tips they received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

71.    Upon information and belief, these practices were done to disguise the actual number of hours Plaintiffs, and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, and (3) overtime wages.

72.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

73.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs Dominguezand other similarly situated former workers.

74.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.    Plaintiffs bring their FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in their case (the "FLSA and Rule 23 class  Period"), as employees of Defendants (the "FLSA and Rule 23 class ").

77.    At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

78.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

60.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

61.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before

the filing of the complaint in their case, to entry of judgment in their case (the "Class Period").

All said persons, including Plaintiffs, are referred to herein as the "Class."

62.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

63.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)  Whether Defendants improperly deducted "shorts" from the Plaintiffss' wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

17

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

64. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

65. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

66. The common questions of law and fact predominate over questions affecting only individual members.

67. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of their litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

68.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

79.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

80.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 class members ) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members ), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

81.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

83.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members ) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

84.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members ) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85.     Plaintiffs (and the FLSA and Rule 23 class members ) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

86.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

87.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 class members ) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members ), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

88.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

90.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA and Rule 23 class members ) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

91.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members ) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiffs (and the FLSA and Rule 23 class members ) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

94.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

95.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members ), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

96.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members ) less than the minimum wage.

97.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members ) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.    Plaintiffs (and the FLSA and Rule 23 class members ) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

99.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

100. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members ) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members ) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiffs (and the FLSA and Rule 23 class members ) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

107. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

108. Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members ) with a written notice, in English and in Spanish (Plaintiffs Dominguez's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

109. Defendants are liable to Plaintiffs (and the FLSA and Rule 23 class members ) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

110. Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

111.    Defendants did not provide Plaintiffs (and the FLSA and Rule 23 class members ) with a statement of wages with each payment of wages, as required by NYLL 195(3).

112.    Defendants are liable to Plaintiffs (and the FLSA and Rule 23 class members ) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

113.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members ) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.    Plaintiffs (and the FLSA and Rule 23 class members ) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members ;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members ;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA and Rule 23 class members ', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members ;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 class members  damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiffs and the FLSA and Rule 23 class members  liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules

24

and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class

members ;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 class members ;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits

taken against wages;

(k)      Declaring that Defendants' violations of the New York Labor Law were willful as

to Plaintiffs and the FLSA and Rule 23 class members ;

(l)      Awarding Plaintiffs and the FLSA and Rule 23 class members  damages for the

amount of unpaid minimum and overtime wages, damages for any improper deductions or

credits taken against wages, as applicable;

(m)      Awarding Plaintiffs and the FLSA and Rule 23 class members  liquidated

damages in an amount equal to one hundred percent (100%) of the total amount of minimum

wage, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)      Awarding Plaintiffs and the Rule 23 Class members damages for Defendants'

violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b),

198(1-d);

(o)      Awarding Plaintiffs and the FLSA and Rule 23 class members  pre-judgment and

post-judgment interest as applicable;

(p)       Awarding Plaintiffs and the FLSA and Rule 23 class members  the expenses

incurred in this action, including costs and attorney's fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       February 12, 2025

MICHAEL FAILLACE Esq.

            /s/ Michael Faillace
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiffs*