**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALEXIS DOMINGUEZ MOLINA and SERGIO TUPAC ESPANA, individually and on behalf of others similarly situated, | Case No.: 1:25-cv-01298-GHW |
| Plaintiffs, | **ANSWER TO** |
| v. | **AMENDED COMPLAINT** |
| EAST CLARE, INC. (d/b/a BELLA UNION), RYAN BIRKENHEAD, and DEREK KIERANS, |  |
| Defendants. |  |

Defendants EAST CLARE, INC. (d/b/a BELLA UNION), (the "Company"), RYAN BIRKENHEAD ("Birkenhead"), and DEREK KIERANS ("Kierans"), (collectively, the "Defendants"), by and through their undersigned counsel, as for their Answer to the Amended Complaint ("Complaint") of plaintiffs Alexis Dominguez Molina and Sergio Tupac Espana, individually and on behalf of others similarly situated (collectively, the "Plaintiffs"), state as follows:

<u>NATURE OF ACTION</u>

1.    The allegations contained in Paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

2.    Admitted.

3.    The allegations contained in Paragraph 3 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

4. The allegations contained in Paragraph 4 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

5. Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6. The allegations contained in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

7. The allegations contained in Paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

8. Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9. The allegations contained in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

10. Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. The allegations contained in Paragraph 12 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

13.     The allegations contained in Paragraph 13 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

14.     The allegations contained in Paragraph 14 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## JURISDICTION AND VENUE

15.     The allegations contained in Paragraph 15 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

16.     The allegations contained in Paragraph 16 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## PARTIES

*Plaintiffs*

17.     Defendants lack specific knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Amended Complaint regarding the location of Plaintiff Dominguez's residence, but Defendants admit that Plaintiff Dominguez was employed by East Clare Inc. from in or about July 2023 until on or about January 27, 2025.

18.     Defendants lack specific knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of the Amended Complaint regarding the location of Plaintiff Espana's residence, but Defendants admit that Plaintiff Espana was employed by East Clare Inc. from in or about October 2022 until on or about February 1, 2025.

19.     Defendants lack specific knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of the Amended Complaint. Defendants therefore deny those, and all other allegations contained in Paragraph 19 of the Amended Complaint.

*Defendants*

20.     Admitted.

21.     Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. The allegations contained in Paragraph 27 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. The allegations contained in Paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

30. The allegations contained in Paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. The allegations contained in Paragraph 32 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34. Admitted.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

*Individual Plaintiffs*

36.     Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The allegations contained in Paragraph 37 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

*Plaintiff Alexis Dominguez Molina*

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint except admit that Plaintiff Dominguez was employed by East Clare Inc. from in or about July 2023 until on or about January 27, 2025.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint, except admit that Plaintiff Dominguez was paid wages by check.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. The allegations contained in Paragraph 55 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

56.     The allegations contained in Paragraph 56 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

*Plaintiff Sergio Tupac Espana*

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint, except admit that Plaintiff Espana was employed by East Clare Inc. from in or about October 2022 until on or about February 1, 2025.

58.     Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     The allegations contained in Paragraph 71 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

72.     The allegations contained in Paragraph 72 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

*Defendants' General Employment Practices*

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.    The allegations contained in Paragraph 75 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

76.    Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.    The allegations contained in Paragraph 79 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

80.    The allegations contained in Paragraph 80 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

81.    The allegations contained in Paragraph 81 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

82.    The allegations contained in Paragraph 82 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

83.    Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     The allegations contained in Paragraph 84 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

85.     The allegations contained in Paragraph 85 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     The allegations contained in Paragraph 87 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

88.     Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89.     The allegations contained in Paragraph 89 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

90.     The allegations contained in Paragraph 90 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## FLSA COLLECTIVE ACTION CLAIMS

91.     The allegations contained in Paragraph 91 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

92.    Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

94.    The allegations contained in Paragraph 94 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

95.    The allegations contained in Paragraph 95 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

96.    Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint.

98.    Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.    Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

103.    To the extent a response to Paragraph 103 of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraph 1-102 above, as if more fully set forth herein.

104.    The allegations contained in Paragraph 104 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

105.    Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    The allegations contained in Paragraph 106 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

107.    The allegations contained in Paragraph 107 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

108.    The allegations contained in Paragraph 108 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

109.    Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

110.    To the extent a response to Paragraph 110 of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-109 above, as if more fully set forth herein.

111.    The allegations contained in Paragraph 111 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.    The allegations contained in Paragraph 113 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

114.    The allegations contained in Paragraph 114 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

115.    The allegations contained in Paragraph 115 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

14

83.*(sic)*    To the extent a response to Paragraph 83 *(sic)* of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-116 above, as if more fully set forth herein.

84. *(sic)*   The allegations contained in Paragraph 84 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

85.*(sic)*    The allegations contained in Paragraph 85 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

86.*(sic)*    The allegations contained in Paragraph 86 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

87.*(sic)*   Defendants deny the allegations contained in Paragraph 87 *(sic)* of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

88.*(sic)*    To the extent a response to Paragraph 88 *(sic)* of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-116 and 83-87 *(sic)* above, as if more fully set forth herein.

89.*(sic)*    The allegations contained in Paragraph 89 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

90.*(sic)*   The allegations contained in Paragraph 90 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

91.*(sic)*   Defendants deny the allegations contained in Paragraph 91 *(sic)* of the Amended Complaint.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92.*(sic)*   To the extent a response to Paragraph 92 *(sic)* of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-116 and 83-91 *(sic)* above, as if more fully set forth herein.

93.*(sic)*   The allegations contained in Paragraph 93 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

94.*(sic)*   The allegations contained in Paragraph 94 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

95.*(sic)*   To the extent a response to Paragraph 95 *(sic)* of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-116 and 83-94 *(sic)* above, as if more fully set forth herein.

96.*(sic)*   The allegations contained in Paragraph 96 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny these allegations.

97.*(sic)*   The allegations contained in Paragraph 97 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny these allegations.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

98.*(sic)*    To the extent a response to Paragraph 98 *(sic)* of the Amended Complaint is required, Defendants repeat and reiterate the responses to the allegations contained in Paragraphs 1-116 and 83-97 *(sic)* above, as if more fully set forth herein.

99.*(sic)*   The allegations contained in Paragraph 99 *(sic)* of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny these allegations.

100.*(sic)*    Defendants deny the allegations contained in Paragraph 100 *(sic)* of the Amended Complaint.

## AFFIRMATIVE DEFENSES

As for Defendants' affirmative defenses to the Amended Complaint, without assuming any burdens not imposed by law, and with a full reservation of rights to plead additional affirmative defenses that may be discovered during the course of this action, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

17

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or similarly situated employees ("Plaintiffs") lack standing to assert some or all of the claims contained in the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiffs' causes of action.

## FOURTH AFFIRMATIVE DEFENSE

Compensatory and punitive damages are not available on Plaintiffs' claims in this action and/or Defendants' conduct did not rise to the level of culpability required to justify an award of such damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no damages as a result of the conduct alleged. In the alternative, any liability Defendants might have to Plaintiffs is offset, and exceeded by, liability Plaintiffs have to Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Some or all the referenced laws and/or legal conclusions do not apply to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants made complete and timely payment of all wages due to Plaintiffs. Accordingly, Plaintiffs are not entitled to recover damages for failure to provide wage statements and the wage notice pursuant to NYLL.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the equitable doctrines of estoppel, waiver, ratification, laches, and/or unclean hands.

18

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to liquidated damages pursuant to NYLL on a class action basis.

**TENTH AFFIRMATIVE DEFENSE**

Any alleged violations of the FLSA were not willful and, therefore, any claims by Plaintiffs that occurred more than two years prior to the date Plaintiffs filed the Amended Complaint are barred by the applicable two-year statute of limitations provided in 29 U.S.C. § 255.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to liquidated damages or attorney's fees because Defendants did not commit a willful violation of the FLSA or the NYLL.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or contractual limitations provisions. Plaintiffs' claims are untimely.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to credit toward any alleged unpaid compensation sought by Plaintiffs for any wage payments Defendants have already made during the relevant time period.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under 29 U.S.C. § 207, and/or is barred as to all hours allegedly worked of which Plaintiffs' employer lacked constructive or actual knowledge.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. § 207 and corresponding state law must likewise be excluded from the calculation of

19

any overtime rate of pay to the extent any amounts are found to be due Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as they fail to satisfy class and/or collective action criteria, and therefore cannot proceed as a class or collective action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Amended Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## TWENTIETH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to the extent it asserts an action on behalf of others similarly situated because Plaintiff is not an adequate representative of the purported class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to the extent it asserts a class type action because the claims alleged by the named Plaintiff is neither common to nor typical of those of the class she

20

purports to represent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred in whole or in part because Plaintiffs fail to satisfy the prerequisites for class certification or collective action and, therefore, lack standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack Article III standing to maintain NYLL wage notice and wage statement claims as Plaintiffs have not alleged a causal connection between the alleged lack of notices and an injury. As such, said claims must be dismissed.

**WHEREFORE**, Defendants EAST CLARE, INC. (d/b/a BELLA UNION), RYAN BIRKENHEAD, and DEREK KIERANS respectfully request that this Court enter an order dismissing Plaintiffs' Amended Complaint in its entirety with prejudice; awarding Defendants their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and granting such other and further relief as this Court may deem just and proper.

Dated: June 6, 2025
      Morristown, New Jersey

Respectfully submitted,

By:    /s/ *Jasmine Y. Patel*
      Jasmine Y. Patel
      Kelley M. Rutkowski
      WEINSTEIN & KLEIN P.C.
      1 High Street Court, Suite 5
      Morristown, New Jersey 07960
      (347) 502-6464
      jpatel@weinsteinklein.com
      krutkowski@weinsteinklein.com
      *Attorneys for Defendants, East Clare, Inc. (d/b/a Bella Union), Ryan Birkenhead, and Derek Kierans*

WITH COPIES TO: All Counsel in this Matter Via ECF